**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

TONY LAMA,

        Plaintiff,

vs.

NEVADA CVS PHARMACY, LLC, *et al.*,

        Defendants.

2:18–cv–02006–RCJ–VCF

**<u>ORDER</u>**

Before the court is the parties' Stipulated Protective Order and Proposed Order (ECF No. 15), which the court approves with the exception of paragraph 13. This order reminds counsel that there is a presumption of public access to judicial files and records. Paragraph 13 will be changed as follows:

> In the event that counsel files or lodges with the Court any Confidential Information, all documents attaching, quoting from, or otherwise revealing the content of Confidential Information shall be filed under seal in accordance with Local Rule IA 10-5 [and the Ninth Circuit decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)], or as otherwise required by the Court.

A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana*:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure. ¶ In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

1

*Id*. at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id*. at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that compelling reasons support secrecy. *Id*. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id*. When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id*.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that:

1. Paragraph 13 of the parties' Stipulated Protective Order and Proposed Order (ECF No. 15) is NOT APPROVED.

2. The parties shall comply with the requirements of Local Rule IA 10-5(b) and the Ninth Circuit's decision in *Kamakana*, 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

3. The parties' Stipulated Confidentiality and Protective Order (ECF No. 15), as modified and signed by the court, is APPROVED.

DATED this 11th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

MARI K. SCHAAN, ESQ.
Nevada Bar No. 11268
MARJORIE E. KRATSAS, ESQ.
Nevada Bar No. 12934
BRITTANY A. LEWIS, ESQ.
Nevada Bar No. 14565
HALL PRANGLE & SCHOONVELD, LLC
1160 N. Town Center Dr., Ste. 200
Las Vegas, NV 89144
(702) 889-6400 – Office
(702) 384-6025 – Facsimile
Email: efile@hpslaw.com
*Attorneys for Defendant*
*Nevada CVS Pharmacy, L.L.C.*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TONY LAMA,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA CVS PHARMACY, LLC, a Nevada Limited Liability Company, dba CVS Pharmacy #8789, DOES I – X and ROE CORPORATIONS I – X, jointly and severally,<br><br>Defendants. | CASE NO.: 2:18-cv-02006-RCJ-VCF<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties herein agree that the discovery sought in this Action is likely to require the production of certain confidential health care, business, commercial, personnel, and financial information, as well as other confidential information, and that the parties have a legitimate need to protect the confidentiality of such information. The parties herein, therefore, agree and request that the Court hereby ORDER, ADJUDGE, and DECREE as follows:

1. A Party producing or propounding written discovery responses or documents that contain trade secrets or other confidential information ("Confidential Information") shall mark such documents with the word "CONFIDENTIAL." Documents so marked are sometimes

HALL PRANGLE & SCHOONVELD, LLC
1160 NORTH TOWN CENTER DRIVE
SUITE 200
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400  FACSIMILE: 702-384-6025

referred to in this Order as "Protected Documents." The parties agree that they will be judicious and reasonable in designating materials as confidential under this Order.

2. If a Protected Document is used or marked as an exhibit in a deposition, or if deposition testimony discloses or discusses Confidential Information, counsel for the deponent or the Party with whom the deponent is affiliated, or counsel for any Party to this Action, shall inform the deposing counsel of the confidentiality of any such testimony or exhibit and shall designate the testimony or exhibit as Confidential, either contemporaneously during the deposition or within thirty (30) days after receiving a copy of the deposition transcript. Unless otherwise agreed, all depositions which do or may contain Confidential Information shall be treated as confidential during the thirty (30) day period set forth above. Each transcript so designated shall be treated as a Protected Document, and all such testimony so designated shall be treated as Confidential Information, except as otherwise agreed or ordered. The deposition of any witness (or any portion of such deposition) that does or may encompass Confidential Information shall be taken only in the presence of persons who are qualified to have access to such information. For purposes of this Order, a deponent is "affiliated" with a Party if he or she is a past or present officer, director, shareholder, agent, employee, consultant or representative of such Party. All court reporters and videographers engaged to record and/or videotape depositions in this case will be informed of this Order and will be required to sign an agreement to operate in a manner consistent with this Order.

3. The designation of confidential material shall be made by placing or affixing on each page of the material, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL," which word may be accompanied by information specifying the litigation in which the document was produced and indicating that the document is subject to this Protective Order. The designation of confidential material may be made prior to reproduction of any such material selected on behalf of a Party for copying and before distribution of such reproduced material to that Party. A Party shall not be deemed to have waived any right to designate materials as confidential by allowing inspection of such material prior to a designation of such material as confidential or by inadvertently failing to mark a document as confidential prior to disclosure of the same. If a party produced CONFIDENTIAL MATERIALS without

HALL PRANGLE & SCHOONVELD, LLC
1160 NORTH TOWN CENTER DRIVE
SUITE 200
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

designating them as CONFIDENTIAL, but later determine that the material should be so designated, or inadvertently fails to mark materials as CONFIDENTIAL, the party may designate such materials as CONFIDENTIAL within thirty (30) days thereafter. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked CONFIDENTIAL.

4. Confidential Information and Protected Documents shall be used solely and exclusively for the purpose of this litigation and, under no circumstance, may Confidential Information or Protected Documents be used in any other action or for any purposes unrelated to this litigation. Confidential Information shall not be used, shown, disseminated, copied, or in any way communicated, transferred or disclosed, orally or by any other means, to anyone for any purpose whatsoever, other than as required for the preparation and trial of this Action. Access to Confidential Information shall be limited to those persons designated below, and all persons given access to Confidential Information shall keep all Confidential Information and the material contained therein confidential from all other persons.

5. Protected Documents, and the information and contents thereof, and Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

    a. The Parties and their respective employees and agents;

    b. Counsel of record for the Parties and direct employees of such counsel who are materially assisting in the preparation or trial of this Action;

    c. Experts and consultants retained by a Party whose assistance is necessary for trial preparation of this specific action, provided that no such disclosure shall ever be made to any person employed by any competitor of any Defendant or Specially-Appearing Defendant unless that competitor is a party to this action;

    d. Under seal to the Court and the Court's employees and staff;

///

///

HALL PRANGLE & SCHOONVELD, LLC
1160 NORTH TOWN CENTER DRIVE
SUITE 200
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

    e. Court reporters and videographers pursuant to Paragraph 2 of this Protective Order; and

    f. Any person mutually agreed upon in writing by all Parties.

  6. All documents and all briefs and other papers containing, referring to or otherwise disclosing Protected Documents or Confidential Information which are filed with or otherwise submitted to the Court shall not be disclosed except as provided in this Order. All such documents filed with or submitted to the Court shall be conspicuously marked "CONFIDENTIAL" prior to such filing or submission. In the event that any Protected Documents or Confidential Information are used or disclosed in any hearing or trial or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

  7. In no event shall any disclosure of Protected Documents or Confidential Information be made to competitors of any Party, or to any other person, corporation or entity who, upon reasonable and good faith inquiry, could be determined to be employees of a competitor of any Party, unless such competitor of any Party is also itself a Party to this Litigation, in which case disclosure shall be made in accordance with the terms and provisions herein. To the extent any Party has concerns about disclosure to a specific witness, consultant, expert or to any other person, the Parties reserve the right to move the court for an order to amend, or set aside, this Stipulated Protective Order, in whole or in part, upon good cause shown.

  8. Before being given access to any Protected Documents or Confidential Information, each Qualified Person (other than the Court) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit "A," to be bound by and to comply with the terms of this Order. Counsel for each Party shall maintain a list of all Qualified Persons to whom they or their client have provided any Confidential Information, and that list shall be available for inspection by the Court. Opposing counsel shall be notified at least fourteen (14) days prior to disclosure to any person known to be an employee or agent of any

**HALL PRANGLE & SCHOONVELD, LLC**
1160 NORTH TOWN CENTER DRIVE
SUITE 200
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

competitor of the Party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the person, all their potential affiliations with any competitor of any Party, to whom disclosure is to be made sufficient to permit objections to be made. If a Party objects in writing to such disclosures within fourteen (14) days of receipt of notice, no disclosure shall be made until the Party seeking to make the disclosure obtains prior approval of the Court or the objecting Party.

9. The Parties recognize that, during the course of this action, there may be produced Protected Documents or Confidential Information originating from a non-Party to which there exists an obligation of confidentiality. Information originating from a non-Party that a designating Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as Confidential Information and shall be subject to the restrictions on disclosure specified in this Protective Order.

10. Third parties producing documents in the course of this litigation may also designate documents as "Confidential," subject to the same protections and constraints as the Parties to the action. A copy of the Protective Order shall be served along with any subpoena to a third party in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of fourteen (14) days from the date of their production, and, during that period, any Party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

11. In the event any Party or non-Party discovers, after it has produced documents or information, that it has inadvertently produced documents or information that should have been, but was not, designated as Confidential Information, the producing Party may designate the documents or information as Confidential Information by a subsequent notice in writing specifically identifying the documents or information and furnishing such documents or information with the correct designation, in which event the Parties shall, thereafter, treat such documents or information as Confidential Information under this Order, and the recipient of such improperly designated documents or information shall undertake their best effort to retrieve any disclosure, dissemination, or use of such improperly designated documents or information from persons not entitled to receive

such documents and, upon receipt of the properly designated substitute documents or information, shall return or destroy the previously received improperly designated documents.

12. Any copy of a Protected Document distributed to a Qualified Person shall be returned to counsel for the producing Party at the completion of the Qualified Person's consultation or representation in this case. Such Qualified Person shall, upon the request of counsel for the producing Party or the Court, execute an affidavit stating that all such documents and copies of such documents have been returned as required.

13. Any Party seeking to file with the Court a Protected Document or a document containing Confidential Information shall first move the Court to file the document under seal pursuant to Rule 26 of the Federal Rules of Civil Procedure. ~~All documents that the Court permits to be filed under seal shall be filed in a sealed envelope or other appropriate sealed container which shall be plainly and conspicuously marked with (a) the title and case number of the Action; (b) an indication of the nature of the contents of such sealed envelope or other container (e.g., "Confidential Deposition Testimony"); (c) the phrase "CONFIDENTIAL - FILED UNDER SEAL" and (d) a statement substantially in the following form:~~

> ~~This envelope is sealed and contains Confidential Information filed in this case by [name of filing Party] and is not to be opened or the contents thereof displayed or revealed except by Order of the Court or pursuant to written stipulation of the Parties to this Action.~~

14. Except to the extent otherwise permitted by this Order, counsel shall keep all materials and information designated as confidential and subject to this Protective Order within their exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of such materials to anyone.

///

///

///

///

15. Except to the extent permitted by this Order, each and every Qualified Person provided copies of or access to material designated as confidential pursuant to this Order shall keep all such materials and any permitted copies, notes, abstracts, or summaries of such material within their exclusive possession and control and shall exercise all necessary and prudent precautions to maintain the confidentiality of all such materials and shall not disseminate such materials or their contents to anyone.

16. Any Qualified Person having access to material or information designated confidential under this Protective Order, to the extent copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information of any portion thereof, are created, shall treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials, or information of any portion thereof, as confidential and all provisions of this Protective Order shall apply equally to such materials so created, in the same manner and to the same extent as are materials designated as confidential by any defendant.

17. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege; provided that the producing Party notifies the receiving Party in writing via e-mail, with confirmation by mail, of such inadvertent production. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing Party upon timely request. No use may be made of such documents subsequent to the request to return them. Nothing in this Protective Order shall limit the receiving Party from requesting that the Court order the production of any such inadvertently produced documents, except such request may not be based upon the argument of waiver of the privilege or right to withhold documents.

18. Within sixty (60) days after the termination of this action by entry of a final judgment or order of dismissal, each Party shall either (a) return to the producing Party all materials designated as Confidential Information under this Order and all copies thereof, or (b) destroy such documents upon consent of the Party who provided the information and certify in writing within thirty (30) days after destruction that the documents have been destroyed. Outside counsel for each Party may retain copies of pleadings filed in Court, and of deposition and court transcripts or recordings. Each non-

HALL PRANGLE & SCHOONVELD, LLC
1160 NORTH TOWN CENTER DRIVE
SUITE 200
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

Party or other person subject to the terms of this Order, with the exception of the Clerk of the Court, shall within sixty (60) days after the termination of this action by entry of a final judgment or order of dismissal either (a) return to the producing Party all materials designated as Confidential Information under this Order and all copies thereof, or (b) destroy such documents upon consent of the Party who provided the information, and certify in writing within thirty (30) days after destruction that the documents have been destroyed. Nothing in this provision shall be interpreted to prevent a Party's counsel from retaining a complete client file pursuant to applicable ethics rules.

19. In the event any non-Party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered Confidential Information by such non-Party, such non-Party may elect to be bound by the terms of this Order by notifying counsel for all Parties in writing. Upon service of such notice such non-Party may designate documents and information as Confidential Information in the manner set forth in this Order, and such non-Party's Confidential Information shall be treated in the same manner as the Confidential Information of a Party to this action.

20. After the termination of this Action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. This Protective Order is and shall be deemed to be an enforceable agreement between the Parties (and their agents and attorneys, to the extent permissible by the applicable rules of professional conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

21. The Court shall undertake proper measures to preserve the confidentiality of Protected Documents and other Confidential Information used during any hearing or at the trial of this case or which was filed with the Court.

22. To the extent that exhibit lists are filed in this case, the Parties shall, at the appropriate time, address the use and protection of such confidential documents at trial.

23. This Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control.

HALL PRANGLE & SCHOONVELD, LLC
1160 NORTH TOWN CENTER DRIVE
SUITE 200
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400  FACSIMILE: 702-384-6025

24. This Order does not constitute a waiver of any Party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential business information, nor does it constitute an admission or representation by any Party that any document or information designated as CONFIDENTIAL is in fact a trade secret or contains confidential financial, proprietary, or business information.

25. Nothing in this Order shall be deemed to limit a Party's right to disclose to any person its own information and documents for any purpose.

26. The Parties further agree that any legend or stamp utilized for document numbering or to identify or designate documents as being confidential, shall be placed, to the extent physically possible, on such documents so as not to obliterate, cover, or interfere with the reading of the substance of the documents and information contained within such documents.

27. If the Parties cannot agree on a CONFIDENTIAL designation for any document, the objecting party must give written notice to the other party. The party designating the document(s) CONFIDENTIAL shall (a) have twenty-one (21) days from the receipt of such notice to bring the dispute to the court's attention by motion, letter or conference, and (b) bear the initial burden of establishing the confidentiality of any disputed document. If the party making the designation fails to act within the time period set forth herein, the designation shall be removed. If the party making the designation acts within the state time period, the parties will be bound by the Court's determination of the issue. Until such determination has been made, the parties shall treat any disputed document as CONFIDENTIAL.

///
///
///
///
///
///
///
///

HALL PRANGLE & SCHOONVELD, LLC
1160 NORTH TOWN CENTER DRIVE
SUITE 200
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

28.  The Parties reserve the right to move the court for an order to amend or to set aside this Stipulated Protective Order, in whole or in part, upon good cause shown.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
DATED: June 11, 2019

The foregoing Agreed Protective Order has been reviewed and consented to by the following counsel of record.

DATED this 7th day of June, 2019.

HALL PRANGLE & SCHOONVELD LLC

*/s/: Mari K. Schaan, Esq.*
MARI K. SCHAAN, ESQ.
Nevada Bar No. 11268
MARJORIE E. KRATSAS, ESQ.
Nevada Bar No. 12934
BRITTANY A. LEWIS, ESQ.
Nevada Bar No. 14565
1160 N. Town Center Dr., Ste. 200
Las Vegas, NV  89144
*Attorneys for Defendant*
*Nevada CVS Pharmacy, L.L.C.*

DATED this 7th day of June, 2019.

THE GAGE LAW FIRM, PLLC

*/s/: David O. Creasy, Esq.*
DAVID O. CREASY, ESQ.
Nevada Bar No. 6943
ONE Summerlin
1980 Festival Plaza Dr., Ste. 270
Las Vegas, Nevada 89135
*Attorney for Plaintiff*

# EXHIBIT A
# DECLARATION OF COMPLIANCE

I, _____, do declare and state as follows:

1. My address is _____

_____.

2. I have read the Stipulated and Agreed Protective Order entered in this case, a copy of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Order, including that upon receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures. Specifically, I acknowledge and agree that I hereby submit to the personal jurisdiction of the Court solely as it relates to my ongoing compliance with the terms of the Protective Order entered in this matter on _____.

4. Further, I declare as provided by 28 U.S.C. §1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this ____ day of _____, 2019, at _____.

_____

Printed name: _____

**HALL PRANGLE & SCHOONVELD, LLC**
1160 NORTH TOWN CENTER DRIVE
SUITE 200
LAS VEGAS, NEVADA 89144
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025